UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR78 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| MARLON LUNDY, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties' trial briefs in this matter indicate that several evidentiary issues may arise surrounding statements related to a 911 call and the police response to that call. In that regard, the Court notes as follows with respect to its preliminary determinations.

The Government has indicated that it intends to introduce the 911 call made by Courtney Ernst. During the call, Ernst told law enforcement that individual later identified as Marlon Lundy had come to her house to fight. Ernst told law enforcement that the individual was driving a red Pontiac and lived in Ashbrook estates. The Government has also indicated through its trial brief that it intends to introduce the statement of Alyssa Kirk. When officers arrived on scene following the 911 call, Kirk told an officer that Lundy had pointed a gun at them. When asked who saw the gun, Kirk responded: "we all did" and that Lundy "cocked in back in my face, my adrenaline was so rushed I can't even." When the officer observed that Kirk did not appear shaken up by the incident, Kirk noted: "my whole I'm trying not to like my kids are around me my body is shake, I'm trying not to flip out right now, I have adrenaline pumping through me."

Lundy contends that neither Kirk's nor Ernst's statements should be admitted. Lundy contends that neither satisfy a hearsay exception and that their prejudicial impact outweighs their probative value. The Court now reviews those contentions.

Out-of-court statements offered to prove the truth of the matter asserted—whether testimonial or non-testimonial—are excluded as hearsay unless the statements fall within an exception to the hearsay rule. *See* Fed. R. Evid. 802. Excited utterances are excluded from the rule against hearsay. Fed. R. Evid. 803(2). An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id*. "The ... exception is based on the belief that the statement is reliable because it is made while the declarant is under the stress of excitement." *United States v. Davis*, 577 F.3d 660, 669 (6th Cir. 2009) (quoting *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir. 1983)). The exception may be based solely on "[t]estimony that the declarant still appeared nervous or distraught and that there was a reasonable basis for continuing [to be] emotional[ly] upset." *United States v. Arnold*, 486 F.3d 177, 185 (6th Cir. 2007).

The party seeking to introduce a statement under the excited-utterance exception must satisfy three elements. *Davis*, 577 F.3d at 669. First, the event must be "startling enough to cause nervous excitement." *Id*. "Second, the statement must be made before there is time to contrive or misrepresent." *Id*. Finally, "the statement must be made while the person is under the stress of the excitement caused by the event." *Id*. "All three inquiries bear on 'the ultimate question': 'whether the statement was the result of reflective thought or whether it was a spontaneous reaction to the exciting event.'" *Arnold*, 486 F.3d at 184.

Present sense impressions also are excluded from the rule against hearsay. Fed. R. Evid. 803(1). These are "statement[s] describing or explaining an event or condition, made while or

immediately after the declarant perceived it." *Id*.

Moreover, res gestae evidence "consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense," and such evidence is admissible. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). The Sixth Circuit has explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Id*.

With respect to Ernst's statements made during the 911 call, the Court finds that they are properly admissible as a present sense impression. Ernst's call came within minutes of the altercation and described the event that she had just witnessed. "This 911 call, made 'immediately after' witnessing the described event, is not distinguishable from one that was contemporaneous with the event itself. It meets the definition of a present sense impression under Rule 803(1)." *Davis*, 577 F.3d at 668.

Similarly, Kirk's statements meet both the definition of a present sense impression and an excited utterance. By her own statements, Kirk's body was shaky and her adrenaline was spiked. Given the allegations that a firearm was brandished and pointed in her direction just moments earlier, the event was startling enough to create such nervousness. As the statement was made within minutes of the event, Kirk had no time to contrive a story and it was reasonable for her to still be under the stress of the event.

The Court also notes that both witnesses' statements are admissible as res gestae evidence. Both statements are necessary to provide background on why police began their investigation of

Lundy and pursued him in the manner they did, including patting him down. Without such background evidence, the jury would be left with an incomplete version of events. Accordingly, the statements are properly admissible as res gestae evidence.

The Court also finds no merit in Lundy's contention that the prejudicial impact of the statements outweighs their probative value. The statements provide direct, eyewitness testimony of Lundy's possession of the firearm – a core element of the Government's case. The fact that Lundy was later found in a vehicle with the firearm does not lessen the probative value of the statements. And while the evidence of a threat may be prejudicial, it is not *unfairly* prejudicial as it does not tend to suggest that jurors make a decision on an improper basis. Accordingly, the probative value of the statements substantially outweighs any risk of unfair prejudice. As such, the statements are admissible.

IT IS SO ORDERED.


May 17, 2022                                    /s/ John R. Adams
                                                                           JUDGE JOHN R. ADAMS
                                                                           UNITED STATES DISTRICT JUDGE